IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MICHAEL A. GOMEZ and<br>NORA A. GOMEZ, on behalf of<br>themselves and all others<br>similarly situated, | §<br>§<br>§<br>§<br>§ | |
| Plaintiffs, | §<br>§ | |
| v. | §<br>§ | 1:16-CV-119-RP |
| NIEMANN & HEYER, L.L.P., et al., | §<br>§<br>§ | |
| Defendants. | § | |

## ORDER

Before the Court is Defendant Niemann & Heyer, L.L.P.'s Motion for Dismissal of New

Claims Added in Plaintiffs' Amended Complaint, filed August 4, 2016. (Dkt. 60). For the following

reasons, the Court DENIES Defendant's Motion.

## BACKGROUND

The factual background of this case is sufficiently laid out in the Court's Order on

Defendant's prior motion to dismiss. (Dkt. 42). Accordingly, it will not be repeated here.

Since the Court's prior Order, Plaintiffs filed an amended complaint which asserts three new

claims against Defendant: usury, violations of the Texas Deceptive Trade Practices Act ("DTPA"),

and unjust enrichment. (*See* Dkt. 55). On August, 4, 2016, Defendant filed the instant motion

seeking dismissal of Plaintiffs' usury and DTPA claims. (Dkt. 60).

## LEGAL STANDARD

When evaluating a motion to dismiss for failure to state a claim under Rule 12(b)(6) the

complaint must be liberally construed in favor of the plaintiff and all facts pleaded therein must be

1

taken as true. *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Although Federal Rule of Civil Procedure 8 mandates only that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief," this standard demands more than unadorned accusations, "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The court must initially identify pleadings that are no more than legal conclusions not entitled to the assumption of truth, then assume the veracity of well-pleaded factual allegations and determine whether those allegations plausibly give rise to an entitlement to relief. If not, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Throughout this process, the court "must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007).

## DISCUSSION

**1.    Usury**

The elements of a usury claim are (1) a loan of money; (2) an absolute obligation to repay the principal; and (3) the exaction of a greater compensation than allowed by law for the use of the

money by the borrower. *First Bank v. Tony's Tortilla Factory, Inc.*, 877 S.W.2d 285, 287 (Tex. 1994). Stated differently, "[u]sury must be founded on an overcharge by a lender for the use, forbearance, or detention of the lender's money[.]" *Garcia v. Texas Cable Partners, L.P.*, 114 S.W.3d 561, 564 (Tex. App. 2003). Plaintiffs argue, and Defendant does not dispute, that usury claims can be asserted against creditors as well as any person who charges or receives an unlawful amount of interest. (Pl.'s Opp., Dkt. 71, at 3 n.1) (citing Tex. Fin. Code §§ 349.001(a), 349.002(a)).

Plaintiffs base their usury charge on Defendant's $200 fee for payment plans. Plaintiffs argue that the $200 charge is "in part to forbear from executing on Plaintiffs' debt" because it is "so radically in excess of the actual costs of the administrative service allegedly provided by Defendant." (Pl.'s Opp., Dkt. 7, at 3). The claim would thus be "founded on an overcharge" for the forbearance of money. *Garcia*, 114 S.W.3d 561, 564.

There is ample support for the proposition that administrative fees may be considered interest despite being styled as "service charges," as Plaintiffs allege is the case here. *See First Bank*, 877 S.W.2d at 287. "A court may look past the label of the fee to determine if a fee is a service charge or interest." *Id.* "Interest is compensation for the use, forbearance, or detention of money." *Id.* On the other hand "[f]ees which are an additional charge supported by a distinctly separate and additional consideration . . . are not interest and thus do not violate the usury laws." *Id.* Whether a fee is a service charge or interest is a "question of fact for the jury when there is any dispute in the evidence as to whether a fee is actually for an additional consideration . . . or is merely a device to conceal usury." *Id.*

In its Motion, Defendant argues that "[t]he fee charged for the payment plan does not satisfy" the requirements for a usury claim. (Def.'s Mot., Dkt. 60, at 3). Defendant explains that the $200 fee is not interest because it "[is] charged for the cost of administering the plan and thus 'was

for consideration for other than the lending of money'" and therefore cannot support a usury claim. (Def.'s Reply, Dkt. 72, at 1–2) (citing *First Bank*, 877 S.W.2d at 288).

But where, as here, the purpose of the payment is in dispute, a question of fact arises. *First Bank*, 877 S.W.2d at 287. Accordingly, the question is more appropriately resolved on a motion for summary judgment or motion for directed verdict, as it was in nearly all of Defendant's cited cases. *See First Bank*, 877 S.W.2d 285 (directed verdict); *Garcia*, 114 S.W.3d 561 (summary judgment); *Domizio v. Progressive Cnty. Mut. Ins. Co.*, 54 S.W.3d 867 (Tex. App. 2001) (summary judgment). The sole cited case that resolved the issue on a motion to dismiss did so because the plaintiffs in that case did not allege "that Defendants received any compensation for the use, forbearance, or detention of money." *Rivera v. AT&T Corp.*, 141 F. Supp. 2d 719, 723 (S.D. Tex. 2001). Plaintiffs have done so here. (First. Am. Compl.,  Dkt. 55, ¶ 91).[1]

## 2.      DTPA Claims

To state a claim under the DTPA, the Plaintiffs must show that they are consumers, that Defendant engaged in a false, misleading, deceptive, or unconscionable act, and that the act caused damages. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 327 (5th Cir. 2002); Tex. Bus. & Com. Code § 17.50. In order to establish consumer standing, Plaintiffs must show that (1) they sought or acquired goods or services by purchase or lease, and (2) those goods or services form the basis of the basis of their complaint. *Foster v. U.S. Bank Nat'l Ass'n*, No. 1:13-cv-630, 2015 WL 11110598, at *4 (E.D. Tex. Apr. 8, 2015).

---

[1] The Court recognizes that Plaintiffs characterize the $200 fee as a payment for "the service of administering a payment plan" when arguing in support of their DTPA claim, which appears to be inconsistent with their usury claim. However, a party "may plead inconsistent claims and facts in support of alternative theories of recovery." *Westcott Holdings, Inc. v. Monitor Liability Managers, Inc.*, No. H-06-1746, 2006 WL 3041606, at *3 (S.D. Tex. Oct. 24, 2006) (citing Fed. R. Civ. Proc. 8(e)).

Plaintiffs argue that they have sufficiently pleaded a cause of action under the DTPA. First, Plaintiffs assert that they are consumers because they have purchased a service, here the administration of a payment plan, which forms the basis of their complaint. (First Am. Compl. ¶ 103). Second, Plaintiffs allege that the fees Defendant charges for the payment plan are unconscionable and illegal. (*Id.* ¶ 107); *see also* Tex. Prop. Code § 209.0062. More specifically, Plaintiffs allege that Defendant's actions are unconscionable because they charged the excessive fees under the threat of foreclosure proceedings. (First Am. Compl. ¶ 67). Finally, Plaintiffs allege that Defendant's conduct caused them injury because Plaintiffs "were misled into paying Defendant funds that were not owed and/or illegal administrative fees, and unreasonable attorneys' fees." (*Id.* ¶ 107).

Defendant, on the other hand, argues that Plaintiffs "have not and cannot state a claim under the DTPA because in the transaction in question they did not seek any goods or services and thus do not have the required consumer standing." (Def.'s Mot., Dkt. 60, at 4). According to Defendant, Plaintiffs only sought a modification of an existing debt, "which does not qualify as a good or service." (*Id.*). Defendant cites a number of cases in support of its assertion, but they are all distinguishable. Each cited case involves the collection of a debt, but none deals with the present situation in which an individual pays money to a debt collector in exchange for that collector's administration of a payment plan. *See, e.g., Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717 (5th Cir. 2013) (affirming the dismissal of a DTPA claim based on a lender's failure to modify plaintiffs' loan).

The Defendant's arguments therefore do not convince the Court that Plaintiffs DTPA allegations are insufficient as a matter of law.

## **CONCLUSION**

For the reasons stated above, the Court **DENIES** Defendant's Motion for Dismissal of New Claims Added in Plaintiffs' Amended Complaint.


**SIGNED** on October 7, 2016.


_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE