IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MICHAEL A. GOMEZ and<br>NORA A. GOMEZ, on behalf of<br>themselves and all others<br>similarly situated,<br><br>     Plaintiffs,<br><br>v.<br><br>NIEMANN & HEYER, L.L.P.,<br><br>     Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CAUSE NO. 1:16-CV-119 |

### CLASS ACTION SETTLEMENT AGREEMENT

This Class Action Settlement Agreement ("Agreement") in the above-captioned case between: (a) Plaintiffs Michael A. Gomez and Nora A. Gomez, individually, and on behalf of a Settlement Class (defined below) of similarly-situated persons; and (b) Defendant Niemann & Heyer, L.L.P., was reached after arms-length negotiations between counsel for all Parties (defined below), and is entered into as of January 12, 2017.

### RECITALS:

A.     The Settlement Class Members (defined below) are a class of individuals on whose behalf Plaintiffs filed a class action complaint in the above-captioned case.

B.     The Plaintiffs' class action complaint provides in part that Defendant violated the Fair Debt Collection Practices Act (15 U.S.C. § 1692, *et seq.*) ("FDCPA"), the Texas Debt Collection Act (TEX. FIN. CODE ANN. § 392.001, *et seq.*) ("TDCA"), the Texas Deceptive Trade Practices Act (TEX. BUS. & COM.

CODE ANN. § 17.41, *et. seq.*) ("TDTPA"), the Texas Finance Code (TEX. FIN. CODE Ch. 349), and the Texas common law.  Plaintiffs' class action complaint also provides that such alleged violations render Defendant liable for actual damages, statutory damages, injunctive relief, costs, and reasonable attorneys' fees under these statutes as well as alleged claims arising under the common law or in equity.

C.    Defendant denies the material allegations in Plaintiffs' class action complaint, disputes both factually and legally that it is liable in any way to Plaintiffs or the Settlement Class they seek to represent, denies that its actions violated state or federal law in any manner, and asserts that even if Plaintiffs were to prevail, Defendant's maximum class liability is limited by 15 U.S.C. § 1692k(a)(2).  Nevertheless, Defendant concludes that the further conduct of this Lawsuit (defined below) by it would be protracted and expensive, and that it is desirable that this Lawsuit be fully, finally and forever settled in the manner set forth in this Agreement.  Defendant is therefore willing to enter into this Agreement to avoid the further expense and inconvenience of litigation and to buy peace and resolve and settle all claims which have been made or could be made against it by Plaintiffs and the Settlement Class arising out of the collection activities of which Plaintiffs complain.

D.    Class Counsel (defined below) have considerable experience in handling class actions and consumer protection cases.  Class Counsel have analyzed the facts and law relevant to this Lawsuit, and they recognize the substantial expense and delay associated with the continued prosecution of this Lawsuit against Defendant through trial and through appeals.  Further,

Class Counsel are mindful of the limitations on any possible recovery to the Settlement Class, and have concluded that in light of these risks and uncertainties, the relief provided herein represents a more than sufficient resolution for the Settlement Class.

E.      Based on Class Counsel's extensive analysis of the law and facts at issue in this Lawsuit, and of the limits on potential liability and insurance coverage, and pursuant to the advice of Class Counsel, Plaintiffs have determined that a settlement pursuant to the terms and conditions set forth herein and the terms and conditions set forth in the documents incorporated herein ("Settlement") is fair, adequate, and reasonable, and thus in the best interest of the Settlement Class.

F.      Based on its own extensive analysis of the law and facts at issue in this Lawsuit, and its belief that under the statutory scheme applicable to this case it is highly unlikely that there could ever be a greater award to the Settlement Class Members, Defendant believes that this Settlement with the Settlement Class is fair, adequate, and reasonable.

G.      The Parties are desirous of entering into, and obtaining approval of this Agreement, pursuant to FED. R. CIV. P. 23, in order to fully and finally resolve all claims and disputes arising out of, or related to Plaintiffs' claims of violations of the FDCPA, the TDCA, the Texas Finance Code, the TDTPA, and the Texas common law by Defendant or any of its officers, directors, shareholders, members, employees, agents, or representatives.

## ARTICLE I
### DEFINITIONS

When used in this Agreement, the following terms shall mean:

1.1    "AGREEMENT" means this Class Action Settlement Agreement in the above-captioned case.

1.2    "BUSINESS DAY" means any day on which national banks are open for the conduct of general business.

1.3    "SETTLEMENT CLASS" means a class conditionally certified for purposes of the Settlement only, and in accordance with the terms of this Agreement only, which is described as:  all persons in the State of Texas who, during the period from February 5, 2012, through and including the Preliminary Approval Date:

      a.    were sent a letter by Defendant pursuant to 15 U.S.C. § 1692g(a); or

      b.    entered into a payment plan through Defendant concerning a Homeowner's Association represented by Defendant; or

      c.    were the subject of a notice of lien that was prepared by Defendant for a Homeowners Association; or

      d.    were the subject of a notice of foreclosure that was prepared by Defendant for a Homeowners Association.

The following persons, assuming that they otherwise meet the Settlement Class definition, will be excluded from the Settlement Class:

      a.    Defendant, and Defendant's officers, directors, agents, employees, or counsel;

b.      Class Counsel, their employees, or immediate family members; and

c.      the presiding Judge and his/her immediate family members.

d.      all persons who have died prior to the preliminary approval date;

e.      all persons who have filed a petition for relief under the United States Bankruptcy Code prior to the preliminary approval date; and

f.      any member of the Settlement Class who timely mails a request for exclusion.

The Settlement Class is estimated to be comprised of 3,790 people.

1.4    "CLASS COUNSEL" means Ryan Shelton and Jesse Z. Weiss.

1.5    "SETTLEMENT CLASS MEMBER(S)" means those persons who are a part of the Settlement Class and who do not fall within the above-stated exclusions.

1.6    "CLASS NOTICE" means the Court-approved notice, in a form substantially similar to that attached hereto as *Exhibit C*.

1.7    "CLASS PERIOD" means the period from February 5, 2012, to the Preliminary Approval Date as defined below.

1.8    "CONDITIONAL CERTIFICATION MOTION" is defined in Section 2.1(A) of this Agreement.

1.9    "CONDITIONAL CERTIFICATION ORDER" is defined in Section 2.1(A) of this Agreement.

1.10   "CONSUMMATION DATE" means the date upon which all obligations and duties of the Parties have been effectuated and the Agreement has been closed.

1.11 "COURT" means the United States District Court for the Western District of Texas.

1.12 "DEFENDANT" means Niemann & Heyer, L.L.P., and includes all predecessors, officers, directors, shareholders, members, agents, employees, representatives, and insurers of Defendant.

1.13 "FINALITY DATE" means the date after which the Court has entered the Final Order and Judgment, and the time for perfecting an appeal of such Final Order and Judgment has expired with no appeal taken; final dismissal of any appeal taken; or affirmance of the Final Order and Judgment which is not subject to further review by any court with appellate jurisdiction over the Lawsuit.

1.14 "FINAL FAIRNESS HEARING" means the hearing to be conducted by the Court pursuant to FED. R. CIV. P. 23 to consider the fairness, adequacy, and reasonableness of the Settlement.

1.15 "FINAL ORDER AND JUDGMENT" means the Final Order and Judgment to be entered by the Court approving this Agreement as fair, adequate, and reasonable under FED. R. CIV. P. 23, confirming certification of the Settlement Class for purposes of the Settlement only, enjoining future litigation by the Settlement Class Members, and making such other findings and determinations as the Court deems necessary and appropriate to effectuate the terms of this Agreement, which shall be in substantially the same form as the attached **Exhibit D**.

1.16  "INITIAL NOTICE DATE" means the deadline set by the Court for the mailing of the Class Notice, which shall be not fewer than thirty (30) days after the Preliminary Approval Date.

1.17  "LAWSUIT" means the above-captioned case.

1.18  "PARTIES" means the Settlement Class Members (including Plaintiffs), Class Counsel and Defendant.

1.19  "PRELIMINARY APPROVAL DATE" means the date that the Court enters its order granting the Joint Motion for Conditional Certification and Preliminary Approval of Class Action Settlement Agreement, in a form substantially similar to that attached hereto as **Exhibit B**.

1.20  "RELEASED CLAIMS" means all claims, actions, causes of action, demands, rights, damages, attorney's fees and costs other than those provided for in this Agreement and compensation whatsoever that Plaintiffs, the Settlement Class, or their respective heirs, executors, administrators, successors, assigns, and attorneys brought or could have brought in this Lawsuit or as a result of the complained-of collections practices which gave rise to this Lawsuit against Defendant or any of Defendant's partners, officers, directors, shareholders, managers, employees, heirs, executors, administrators, agents, representatives, successors, assigns, insurance carriers, bond issuers, clients, and attorneys as of the date of entry of the Final Order and Judgment. It is the Plaintiffs' intent to release, for themselves and the Settlement Class, all claims known or unknown, arising pursuant to contract, tort, common law, statute, or regulation, that were brought or could have been brought in this

Lawsuit or as a result of the complained-of collections practices which gave rise to this Lawsuit against the Parties herein released.

1.21   This Agreement and the Settlement  shall not release or impair any debts allegedly owed to Defendant's clients by Plaintiffs or the Settlement Class, nor shall this Settlement operate as an accord and satisfaction of such debts.   Furthermore, for the purposes of 15 U.S.C. § 1692c Class Counsel expressly affirm that they do not represent the members of the Settlement Class in connection with such debts.

## Article II
### TERMS AND CONDITIONS OF THE SETTLEMENT

Plaintiffs and Defendant agree to the following Settlement, subject to the terms and conditions of this Agreement and the terms and conditions of the documents incorporated herein.   The relief provided for under this Agreement is in full satisfaction of all of Defendant's liability for all Released Claims (defined above) of Plaintiffs and all of the Settlement Class Members.

2.1   *Class Action Settlement Procedures*

A.      Plaintiffs and Defendant shall file a Joint Motion for Conditional Certification and Preliminary Approval of Class Action Settlement Agreement with the Court (the "Conditional Certification Motion") seeking entry of an Order Conditionally Certifying Class and Granting Preliminary Approval of Settlement (the "Conditional Certification Order") which would (1) certify, for purposes of this Settlement only, a class of Plaintiffs in the class action pursuant to FED. R. CIV. P. 23; (2) preliminarily approve this Agreement, the proposed Class Notice (defined above) to the Settlement Class ; and (3) direct

that the Class Notice be distributed to the Settlement Class in the manner described below. The Conditional Certification Motion and the Conditional Certification Order shall be in a form substantially similar to those attached hereto and incorporated herein by reference as **Exhibits A** and **B**, respectively. The Class Notice shall inform the Settlement Class of the nature of this Lawsuit, the proposed relief to the Settlement Class, and the right of the Settlement Class Members to object, enter an appearance, or opt out, and shall be in a form substantially similar to that attached hereto and incorporated herein by reference as **Exhibit C**. The Class Notice shall be distributed by mailing a copy of the Class Notice to each Settlement Class Member in the manner described below.

B.     Subject to the approval of the Court, Defendant will engage a claims administrator who will print, copy, and mail the Class Notice to the Settlement Class Members at the most current address reflected in Defendant's records, with a notation on the envelopes requesting address correction. If any Class Notice is returned with a new address, the Class Notice will be re-mailed to the new address. As to any Settlement Class Member whose Class Notice is returned without a forwarding address the claims administrator shall run such Settlement Class Member names through the National Change of Address database to seek a good address and then re-send the Class Notice to any Settlement Class Member for whom it is possible to obtain a new address as a result of such search. Defendant will use its best efforts to ensure prompt re-sending of any returned Class Notices. However, Defendant and its attorneys shall not be responsible for the failure of the Postal Service to timely deliver or

return a Class Notice.  Defendant shall have no obligation to re-send a Class Notice that is not returned by the Postal Service until after the date that is seven days prior to the Final Fairness Hearing.  Class Counsel shall have the right to monitor administration of the Settlement, including but not limited to communicating with the claims administrator.

C.      Defendant anticipates engaging First Class as the claims administrator, and (subject to Court approval) Plaintiffs do not oppose use of First Class.  Defendant will not substitute a different claims administrator without consent of both Plaintiffs and the Court.  The cost of providing the Class Notice and distributing checks to the Settlement Class shall be borne by Defendant.  Upon completion an affidavit of administration shall be filed with the Court.

D.      Defendant agrees to support the entry by the Court of the Conditional Certification Order.  Such certification, and Defendant's agreement to support such certification, shall be expressly conditioned upon the Court's approval of the Final Order and Judgment.  Furthermore, Plaintiffs and Class Counsel will support the Settlement and will take no action inconsistent with such support.  Advising Settlement Class Members to opt out of the Settlement Class shall be deemed to be inconsistent with support of the Settlement. Advising Settlement Class Members to seek their own, independent counsel and/or answering questions of Settlement Class Members shall not be deemed to be inconsistent with support of the Settlement.

E.      Plaintiffs and Defendant shall file a Joint Motion for Approval of the Final Order and Judgment (the "Final Settlement Motion") seeking the

entry of the Final Order and Judgment, finally approving the Agreement following the Final Fairness Hearing before the Court.  Among other things, the Final Order and Judgment shall include provisions which dismiss the Lawsuit with prejudice, approve the proposed relief to the Settlement Class, and grant the individual and class releases described in this Agreement.

F.     Defendant's agreement to support the Preliminary and Final Settlement Motions, for purposes of this Agreement only, shall be without prejudice to any *status quo ante* defenses, rights, or positions in the Lawsuit . In the event this Agreement is not approved by the Court, or if approval of this Agreement, including the entry of the Conditional Certification Order or the Final Order and Judgment, is reversed or modified on appeal (except for the modification of any attorney's fee award), or any one of the conditions precedent set forth in Article V of this Agreement is not met or any termination right under Section 6.2 of this Agreement is exercised, then the Conditional Certification Order and the Final Order and Judgment, including, but not limited to, the conditional class certification entered to effectuate this Agreement, and all findings of fact and conclusions of law therein, shall be automatically dissolved without further order of the Court, null and void and of no force and effect, and in such event all *status quo ante* rights of Defendant to, among other things, (i) oppose any subsequent efforts by the Plaintiffs to certify this Lawsuit as a class action, and (ii) assert all other defenses, rights, and positions shall in all respects be unaffected and preserved as shall those rights of Plaintiffs and the Settlement Class.  The Conditional Certification Order and the Final Order and Judgment shall so provide.

-11-

2.2 *The Settlement Class.* The Settlement Class is defined in Section 1.3 above. It is possible that some members of the Settlement Class may have died or been discharged through bankruptcy proceedings during the Class Period. The orders presented to the Court shall address the consequences of death or bankruptcy discharge which did not exclude the alleged debt.

2.3 *Settlement Consideration.* Subject to the terms of this Agreement, Defendant agrees to provide the following relief to Plaintiffs and the Settlement Class:

A. Defendant shall pay to the Settlement Class a total of $125,000 ("Settlement Fund") in full, final, and complete satisfaction of any and all monetary claims that have been made or which could have been made in this Lawsuit, or as a result of the events that gave rise to this Lawsuit. The Settlement Fund will be divided equally among all members of the Settlement Class. Such distribution shall be made without the need for a proof of claim. All distribution checks to the Settlement Class Members will expire 120 days after the date of issuance.

B. As part of the consideration for the individual and class releases Defendant agrees to the following injunctive relief (each of which provisions will last for four years after the date of preliminary approval of the Settlement):

      i. Defendant will not charge a fee for a payment plan that is greater than $22.00 multiplied by the number of months constituting the agreed term of the plan;

ii.     Defendant will not charge more than $135 for an initial notice letter sent pursuant to 15 U.S.C. § 1692d(a);

iii.     Defendant will not charge more than $125 for a notice of lien;

iv.     Defendant will not charge more than $125 for a notice under TEX. PROP. CODE ANN. § 51.002(d);

v.     Defendant will disclose, as a separate breakout item, the total attorneys' fees and costs included in the sum demanded in its initial notice letters sent pursuant to 15 U.S.C. § 1692d(a); and

vi.     Defendant will attach a copy of the TEX. PROP. CODE ANN. § 209.006 notice letter to each initial notice letter sent pursuant to 15 U.S.C. § 1692d(a), seeking to collect HOA fines.

Notwithstanding the foregoing, Defendant shall be entitled to raise the amount provided for in the foregoing subsections (i)-(iv) by up to 5% following each twelve-month period, with the first twelve-month period commencing upon the Court's preliminary approval of the Settlement. Additionally, notwithstanding the foregoing, if the Texas Legislature enacts such law which deems an amount in excess of the sums itemized in the foregoing subsections (i)–(iv) proper, the requirements contained in the foregoing subsections (i)–(iv) of this Agreement shall be eliminated. Additionally, notwithstanding the foregoing, if the Texas Legislature

enacts such law eliminating the requirement for the relief contained in parts (v) and (vi) above, the requirements contained in parts(v) and (vi) above of this Agreement shall be eliminated.

C.     Plaintiffs Michael A. Gomez and Nora A. Gomez may apply to the Court for an incentive award, not to exceed $8,000 in the aggregate, to be paid by Defendant, to compensate them for their service to the Settlement Class. Defendant will not oppose such application.

D.     Defendant shall bear the costs of class administration.

E.     Subject to approval of the Court, Defendant shall pay in addition to the Settlement Fund the reasonable attorney's fees and expenses of Plaintiffs' attorneys in an amount not to exceed $267,000, plus costs of $1,183.00, and payment of $3,600.00 to the mediator, the Honorable Michael J. Schless, which represents the total fee Judge Schless charged the Parties to mediate this Lawsuit.

2.4    *Opting Out of the Class.*

A.     The Preliminary Approval Order that is submitted to the Court shall provide that Settlement Class Members who wish to exclude themselves (opt out) of the Settlement Class and the Settlement must mail a written request for exclusion to Class Counsel and Counsel for Defendant postmarked no later than a date that is at least two (2) weeks prior to the Final Fairness Hearing.

B.     In any such written request for exclusion, the Settlement Class Member must set forth his or her full name, address, telephone number, and last four digits of his or her Social Security number,

B.    In any such written request for exclusion, the Settlement Class Member must set forth his or her full name, address, telephone number, and last four digits of his or her Social Security number, together with a statement to the effect that that he or she wishes to be excluded from or opt out of the Settlement Class and the Settlement.  In any such documents that are filed with the Court the Social Security Number shall be redacted from the filed copy.

C.    Any Settlement Class Member who submits a valid request for exclusion at any time prior to the expiration of the opt-out period shall not be bound by the terms of this Agreement and shall not receive any of the benefits of the Settlement.

D.    If more than 5% of the Settlement Class Members timely send written requests for exclusion (opt out of the Settlement Class and the Settlement), Plaintiffs and Defendant shall each independently have the right, but not the obligation, to withdraw from the Settlement.  Such an election shall be made in writing and sent to all counsel of record within ten (10) days after the deadline for submitting requests for exclusion specified above.

2.5    *Class Members' Release and Exclusive Remedy.*

A.    Upon entry of the Final Order and Judgment, each Settlement Class Member, including Plaintiffs, on behalf of himself and such Settlement Class Members and of any person claiming by or through each such Settlement Class Member as heir, administrator, devisee, predecessor, successor, representative of any kind, or assignee

shall be deemed to release and forever discharge Defendant and all of its partners, officers, directors, shareholders, managers, employees, heirs, executors, administrators, agents, representatives, predecessors, successors, assigns, insurance carriers, clients, and attorneys (the "Released Persons"), from any and all of the Released Claims.

B.     The relief described herein is the exclusive method of recovery and exclusive remedy for all Settlement Class Members for any and all of the Released Claims, and shall be in lieu of any other remedy or right of action against the Released Persons for the Released Claims. Accordingly, the Released Persons shall not be subject to liability to any Settlement Class Member with respect to any of the Released Claims, other than as set forth in this Agreement.

C.     Each Settlement Class Member, upon the Court's entry of a Final Order and Judgment, shall be enjoined from instituting or maintaining any action for the Released Claims against the Released Persons.   The Court's Final Order and Judgment shall enjoin such actions for the Released Claims.   The Court shall retain jurisdiction over the administration of this Agreement and may use its equitable powers to enforce this Agreement.

2.6   *Attorney's Fees and Expenses*. Class Counsel will seek from the Court an award of their reasonable attorney's fees and costs.   Should the Court approve a lesser amount of fees and costs, such approval shall not be a basis for any Party to withdraw from the Settlement; however, Class Counsel may appeal such an award of a lesser amount.   Further, it is agreed and undisputed

that the Plaintiffs are to be considered the prevailing Party in this Lawsuit if the Settlement is granted final approval. Any Settlement Class Member or other person may be represented by counsel of his or her choice, but all fees and expenses of such counsel, if other than Class Counsel, shall be paid by the Settlement Class Member or other person and not by Defendant.

2.7   *No Admission of Liability by Defendant.* The Parties and their attorneys stipulate that this Agreement is a compromise of disputed claims, and that this Agreement is entered into without admitting any liability, which liability is expressly denied, and without agreement by any Party to any of the allegations made by another Party.   The Parties and their attorneys further stipulate that nothing contained in this Agreement, the supporting documents, or the negotiations leading up to this Agreement shall be construed as an admission of liability or wrongdoing of any kind, or -- in the event that this Agreement is terminated -- as a waiver of any claim or defense that Defendant or Plaintiffs may have in the Lawsuit, nor of Plaintiffs' right to seek class certification on a contested basis, nor of Defendant's right to oppose such certification.

2.8   *Objection Period for Settlement Class Members.*

A.   Settlement Class Members shall be afforded an opportunity to object to the Settlement. Subject to approval of the Court objectors shall be required to notify the Court, Class Counsel and counsel for Defendant, in writing, of their intent to object to one or more of the terms of this Agreement or the Final Order and Judgment.

B.     Subject to Court approval, the Conditional Certification Order will require that such notice of objections shall include:

    (1)    the name, address, telephone number, and any counsel for any objector;    a statement of each objection being made;

    (2)    a detailed description of the facts underlying each objection;

    (3)    a detailed description of the legal authorities underlying each objection;

    (4)    a statement of whether the objector intends to appear at the Final Fairness Hearing;

    (5)    a list of witnesses whom the objector may call by live testimony, oral deposition testimony or affidavit during the Final Fairness Hearing; and

    (6)    a list of exhibits which the objector may offer during the Final Fairness Hearing, along with copies of all of the exhibits.

C.     Subject to Court approval the Conditional Certification Order shall further provide:

Settlement Class Members, and all other interested persons shall file such notice of objections with the Court and serve such notice of objections upon Class Counsel and counsel for Defendant no later than _____, 2017 [which shall be a date which is at least three (3) weeks prior to the Final Fairness Hearing].   Unless otherwise agreed by both Defendant and Class Counsel, any Settlement Class Members or other persons who fail to properly or timely file their objections with the Court, or fail to timely serve such objections on Class Counsel and counsel for Defendant, shall not be heard during the Final Fairness Hearing and the Court will not consider their objections.

2.9    *Entry of Appearance.* Pursuant to FED. R. CIV. P. 23(c)(2)(B)(iv), in the Class Notice the Settlement Class Members shall be notified that they may enter an appearance, on their own behalf or through an attorney at their own expense, if any Settlement Class Member so desires.

### ARTICLE III
### REPRESENTATIONS AND WARRANTIES

3.1    *Representations and Class Counsel's Warranties.*   Class Counsel represent and warrant that they believe the Settlement set forth in this Agreement is in the best interest of the Settlement Class.   Furthermore, Class Counsel warrant that they will not issue any press releases regarding this Lawsuit or the Settlement.

3.2    *Representations, Warranties, or Acknowledgements of Plaintiffs.*  :

A.    Plaintiffs represent and warrant that on the date of execution of this Agreement they are the owner of the individual claims asserted in the Lawsuit, that they have not assigned, pledged (except to their attorneys), sold or otherwise transferred such claims (or an interest in such claims), and that on the Finality Date, they will own such claims free and clear of any and all liens, claims, charges, security interests or other encumbrances of any nature whatsoever, except for any contingent legal fees and expenses; and

B.    Plaintiffs further represent and warrant that this Agreement does not constitute an admission by Defendant that any claim or fact alleged by any Party in the Class Action is true or correct.

C.    Plaintiffs acknowledge Defendant has always and consistently expressly denied any liability or wrongdoing whatsoever in connection with matters which are the subject of the Lawsuit.

### ARTICLE IV
### CONDITIONS TO CLOSING

5.1    *Conditions.*  The foregoing agreements of Plaintiffs and Defendant are subject to the accuracy of the representations and warranties contained in this Agreement and to the performance by the Parties hereto of their obligations under this Agreement in all material respects. Additionally, Defendant's obligation to provide the Settlement Class relief described herein and to proceed with closing shall be subject to the satisfaction of each of the following conditions to closing on or prior to the Consummation Date (unless such conditions are waived by Defendant):

A.    the Finality Date shall have occurred;

B.    the Court shall have approved and signed a Final Order and Judgment in substantially the same form as the attached ***Exhibit D*** that includes a release of all of the Released Claims;

C.    Defendant and Plaintiffs shall have been furnished with such additional documents as may be reasonably required in order to implement the transactions contemplated by this Agreement; and

D.    the representations and warranties contained in Article III of this Agreement shall be true and correct as of the date of execution of this Agreement.

### ARTICLE V
### MISCELLANEOUS PROVISIONS

6.1    *Appeals.*  In the event that an appeal is taken by a Settlement Class Member or any other person from the Conditional Certification Order or the Final Order and Judgment, the Parties to this Agreement agree to support the position on such appeal that the order or orders appealed from should be

affirmed in its or their entirety, and to file briefs or other appropriate court papers in support of that position. Nothing contained herein, however, shall prejudice the rights of Plaintiffs, Class Counsel, or Defendant to appeal from any order of the Court that is inconsistent with the orders contemplated by this Agreement.

6.2    *Termination.*  This Agreement shall be terminable by Plaintiffs or Defendant upon five (5) Business Days written notice in the event that any of the terms, conditions, or representations of the Agreement are not adhered to by the Court or by any Party or their counsel.  If this Agreement is terminated, Plaintiffs, Defendant, and each of the Settlement Class Members shall be deemed to be in the same position as existed prior to its execution, with the same *status quo ante* rights and interests as they may have had absent the entry by Defendant and Plaintiffs into this Settlement, and this Agreement and all other understandings and agreements between the Parties and their respective counsel relating to the Settlement, shall be deemed to be null and void and of no force and effect.  In that event, the Parties will jointly notify the Court of the need to decide Plaintiffs' Motion for Class Certification as a contested motion.

6.3    *Distribution of Settlement Funds.*  Subject to Approval of the Court, the Settlement Funds will be distributed as follows:

A.    Within fourteen (14) days after the Finality Date, separate checks representing the distribution due to Plaintiffs, and the distribution to Class Counsel described above will be mailed by Defendant to Plaintiffs and Class Counsel, respectively.

B.     Within fourteen (14) days after the Finality Date, a check representing the distribution due to the Settlement Class described above will be mailed by Defendant to the claims administrator.

C.     Within thirty (30) days after the Finality Date, checks representing the distribution due to each member of the Settlement Class will be mailed by the claims administrator.  Each such check or an accompanying transmittal document will bear a notation stating the caption of this Lawsuit, names and addresses of Class Counsel, and indicate that the check expires 120 days after the date of the check.

6.4     *Entire Agreement.*     This Agreement, including all referenced Exhibits, is the entire agreement of the Parties.     All antecedent or contemporaneous extrinsic representations, warranties, or collateral provisions concerning the negotiation and preparation of this Agreement are intended to be discharged and nullified.

6.5     *Modification.*   No modification of this Agreement may be made, except by written agreement executed by Plaintiffs, Class Counsel, and Defendant, and approved by the Court.

6.6     *Notices.*   All notices between and to Class Counsel and Defendant required under this Agreement shall be sent by first class U.S. mail, by hand delivery, or by facsimile, to the recipient designated in this Agreement.   The timeliness of all submissions and notices shall be measured by the date that is three (3) days after the date of the postmark (if sent by mail), or by the date of receipt (if hand delivered or sent by facsimile).   The persons designated to receive notice are as follows:

Ryan Shelton
Jesse Z. Weiss
Hohmann, Brophy & Shelton, PLLC
210 Barton Springs Road, Suite 500
Austin, Texas 78704
Telephone: (512) 596-3622
Facsimile: (512) 532-6637

CLASS COUNSEL

and:

Robert B. Gilbreath
Hawkins Parnell
  Thackston & Young LLP
Texas State Bar No. 07904620
1717 West 6th Street, Suite 250
Austin, Texas  78703-4777
Telephone:  (512) 687-6900
Facsimile:  (512) 687-6990

ATTORNEY FOR DEFENDANT

6.7    *Execution in Counterparts.*  This Agreement may be executed in any number of counterparts and each of which when so executed shall be deemed an original and all of which taken together shall constitute one and the same Agreement.

6.8    *Applicable Law.*  This Agreement and the rights and obligations of the Parties shall be governed by and shall be construed and enforced in accordance with the laws of the United States and the State of Texas without regard to any conflict of law provision in said laws of the State of Texas that might otherwise require the application of the laws of a jurisdiction other than that of the State of Texas to the performance, validity, construction, or enforcement of this Agreement.

6.9    *Headings.*  Article and Section headings in this Agreement are for convenience of reference only and are not to be taken to be a part of the provisions of this Agreement, nor to control or affect meanings, constructions or the effect of the same.  Unless this Agreement specifically provides otherwise (a) references to the plural include the singular and references to the singular include the plural, and (b) references to "herein" or "hereto" relate to this Agreement as a whole and attached Exhibits.   Any reference herein to any statute, rule, regulation or agreement, including this Agreement, shall be deemed to include such statute, rule, regulation or agreement as it may be modified, varied, amended or supplemented from time to time.

6.10    *Benefit of Agreement.*  The Agreement shall be binding upon and inure to the benefit of the Parties hereto, the Settlement Class Members, the Released Persons, and their respective successors, heirs, and assigns.  Nothing in this Agreement is intended or shall be construed to give any other person or entity any legal or equitable right, remedy or claim under or in respect to this Agreement or any provision herein entered.

6.11    *Place of Performance.*  This Agreement shall be performed in the Western District of Texas.

6.12    *Best Efforts.*  All signatories to this Agreement and their counsel shall exercise their best efforts to take all steps and expend all efforts that may become necessary to effectuate this Agreement.

6.13    *Parties Are Equal Drafters.*  The Parties shall be deemed to have drafted this Agreement equally, and the settlement documents shall not be construed strictly against Plaintiffs or Defendant.

|  | NIEMANN & HEYER, L.L.P. |
|---|---|
| Michael A. Gomez, individually and as putative class representative | William Heyer (w/ permission RBG) <br> By: William Heyer, President |
| Nora A. Gomez, individually and as putative class representative | Robert B. Gilbreath |
| Ryan Shelton | ATTORNEY FOR DEFENDANT |
| Jesse Z. Weiss |  |
| ATTORNEYS FOR PLAINTIFFS |  |